IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16CR15 |
| v. | ORDER |
| MARTESE ROLAND, | |
| Defendant. | |

This matter is before the court on the defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 28. He challenges his conviction and seven-year mandatory minimum sentence for using, carrying and brandishing a firearm during and in relation to a drug crime in violation of 18 U.S.C. § 924(c)(1)(A). The present motion is Roland's first motion under 28 U.S.C. § 2255.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

Roland was charged in an eleven-count indictment with one count of conspiracy to distribute or possess with intent to distribute heroin and marijuana, nine counts of distribution of heroin and/or marijuana and one count of knowingly using and carrying a firearm during and in relation to a drug crime and knowingly possessing a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c)(1)(A). Filing No. 1. On April 15, 2016, pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Roland entered a plea of guilty to one drug distribution charge and to the use or possession of a firearm charge. Filing No. 16. In accordance with the Rule 11(c)(1)(C) agreement, he was sentenced to 96 months of imprisonment—36 months on the drug distribution count and 60 consecutive months on the use or possession count. Filing No. 25.

Roland challenges his conviction and sentence, alleging his counsel was ineffective. He asserts that counsel gave him inaccurate advice in recommending that he accept the plea agreement and that his plea was therefore not knowing and voluntary.

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 5th day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge