IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16CR15 |
| vs. | |
| MARTESE ROLAND, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on Martese Roland's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 28. Roland was charged in an eleven-count indictment with controlled substance and firearms offenses.[1] Pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Roland entered a plea of guilty on two counts in the eleven-count Indictment. Defendant pled guilty to Count X, possession with intent to distribute heroin and marijuana and Count XI, using and carrying a firearm during and in relation to a drug trafficking crime and knowingly possessing a firearm in furtherance of such crime. In accordance with the Rule 11(c)(1)(C) agreement, he was sentenced to 96 months of imprisonment—36 months on Count X and 60 consecutive months on Count XI. Filing No. 27, Amended Judgment.

Roland challenges his conviction and sentence, alleging his counsel was ineffective. He asserts that counsel gave him inaccurate advice in recommending that he accept the

---

[1] Specifically, Count I charged Roland with conspiring with others to distribute and possession with intent to distribute 100 grams or more of a mixture or substance containing heroin and less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 846. Counts II through IX charged Roland with distributing a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count X charged Roland with distributing a mixture or substance containing heroin and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count XI charged Roland with "knowingly us[ing] and carr[ying] a firearm during and in relation to a drug trafficking crime and knowingly possess[ing] a firearm in furtherance of such crime," in violation of 18 U.S.C. § 924(c)(1)(A).

plea agreement and that his plea was therefore not knowing and voluntary. Specifically, he asserts that counsel: 1) incorrectly advised him he could not plead guilty to the drug offenses and proceed to trial on the § 924(c) count alone; 2) failed to accurately explain the Government's burden of proof on the firearm offense to him; and 3) did not explain that he would have received a lower sentence than the negotiated 96-month sentence if he had gone to trial on all the offenses and was acquitted on the firearm offense. He asserts that counsel did not "explain to [him] that the Government must prove that [he] actually 'used' the firearms he possessed, during and in relation to the drug possession offense." Filing No. 29, Brief at 3. He submits he entered into the plea agreement based on counsel's inaccurate advice, and that based on the government's true burden of proof as to the elements of the offense he is innocent of the § 924(c) count. Further, he contends that if he had received accurate advice, he would not have pled guilty to the firearm offense and would have gone to trial.

I. BACKGROUND

The binding plea agreement sets forth the elements of crimes covered under the agreement. Filing No. 19, Plea Agreement at 2. The elements as set forth in the plea agreement are:

> 1. Defendant committed the elements of a drug trafficking crime prosecutable in federal court;
>
> 2. Defendant knowingly used, carried or possessed a firearm;
>
> 3. The use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, a drug trafficking crime.

*Id.* The elements were also discussed at the plea hearing. Filing No. 33, Transcript ("Tr.") at 5-8. The defendant acknowledged that he understood what the government had to prove, had spoken to his attorney about the options of pleading guilty or going to trial, and

was satisfied with her representation. *Id.* at 5. Roland agreed and admitted to the following factual basis for the plea as outlined by the government:

> [I]n October of 2015, a cooperating witness informed law enforcement that the defendant was distributing quantities of marijuana and heroin in the Omaha area dating back to April of 2014. The cooperating witness had obtained heroin from the defendant on several occasions and said that the defendant often carried a firearm during these drug transactions. As a result, officers utilized the cooperator, who made eight controlled purchases of heroin on the dates listed in the indictment.
>
> Then , on December 4, 2015, law enforcement executed a search warrant on the defendant's girlfriend's Omaha residence where the defendant had been living. Inside the officers located three separate bags of marijuana containing approximately two ounces, three separate bags of heroin containing approximately 50 grams. There were three handguns located near the drugs with a Glock firearm that's listed in Count XI of the indictment found within the same box containing the heroin, ammunition, a drug scale, and $9,900 in suspected drug proceeds. The defendant was not home at the time but the girlfriend was and she has subsequently indicated that all the contraband, in fact, belonged to the defendant.

Filing No. 33, Tr. at 16. In its response to the defendant's § 2255 motion, the government proffers that Roland's girlfriend also stated to law enforcement that Roland frequently carried a gun while distributing drugs. Filing No. 34, Response at 10.

Following the Government's recitation of the factual basis, the court specifically asked Roland about his use of the firearm:

> THE COURT: And—and sometimes you had a gun for—basically, for protection, right?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: And—and that was in connection with protecting the heroin, and yourself both, I suppose?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: But because you had the heroin, you were more apt to get robbed, right? Or not? I mean, so just tell me, why were you carrying the gun?
>
> DEFENDANT: Just for my protection.

3

> THE COURT: But you—you carried it for your protection when you were selling drugs; is that correct?
>
> DEFENDANT: Yes, sir.

[Filing No. 33](), Tr. at 17-18.

The court explained that the firearms charge had to be consecutive to the sentence on the drug distribution charge, stating "In other words, whatever sentence you get on the drug trafficking crime, the firearms penalty is served after you finish that." *Id.* at 6. Roland stated that he understood the penalty. *Id.*

Defense counsel advised the court the Guidelines range would be 90 to 97 months incarceration on the two counts that were part of the plea agreement. That calculation took into consideration the fact that the Government had agreed to dismiss nine counts of the indictment, including at least one drug distribution count that carried a mandatory minimm sentence of five years. *Id.* at 7. Together with the § 924(c) charge, Roland would have faced a mandatory minimum sentence of at least ten years. *Id.* at 10.[2] The record shows the defendant clearly understood the bargain:

> THE COURT: So you would have gotten a mandatory five on at least one of those charges, right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. And then you put the two together and it would have given you ten years; and with this deal, they dismissed that charge and then you just get 96. Right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Do you have any questions about that arrangement?
>
> THE DEFENDANT: No, sir.

---

[2] Count I of the Indictment carried a mandatory sentence of 5–40 years imprisonment. A conviction on the 924(c) charge would have had to be served consecutive to the sentence received on drug trafficking counts.

*Id.* at 11. In fact, the defendant himself cleared up some apparent confusion over whether any of the drug charges carried a ten-year mandatory minimum sentence, noting that the statutory penalty for the drug-conspiracy count was five to forty years. *Id.* The record also shows that Roland "fully under[stood] his rights; that he willingly, voluntarily, knowingly and intelligently waive[d] his rights; and that he fully under[stood] the consequences of waiving his rights." *Id.* at 15. The court found Roland's plea was supported by an independent basis in fact concerning each of the essential elements of the offenses charged. *Id.* at 18.

The Government also proffers in its response that if Roland had decided to go to trial on the firearm offense, it would not have entered into a plea agreement with Roland wherein he pled guilty to only Count X of the Indictment. If Roland had decided to go to trial on the firearm offense, his only option would have been to plead guilty to all of the drug offenses. Filing No. 34, Response at 12 n.2.

II. DISCUSSION

A. Law

Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Judicial

scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Knowles v. Mirzayance*, 556 U.S. 111, 121-123 (2009).

When a claim of ineffective assistance of counsel involves a claim of attorney error during the course of a legal proceeding, such as that counsel failed to raise an objection at trial or to present an argument on appeal, a defendant "can demonstrate prejudice by showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 481 (2000)). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 1965 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "But, '[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017) (quoting *Lee*, 137 S. Ct. at 1967).

The inquiry "demands 'a case-by-case examination' of the 'totality of the evidence.'" *Lee*, 137 S. Ct. at 1966 (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (internal quotation marks omitted)). The "strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Id.* at 1967 (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

The firearms statute at issue, § 924(c)(1)(A)(i) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than five years . . . ." *Close v. United States*, 679 F.3d 714, 718 (8th Cir. 2012). The statute did not initially include the "in furtherance of" alternative, but in *Bailey v. United States*, 516 U.S. 137, 144 (1995), "the Supreme Court overruled prior decisions of this court and other circuits and held that 'a conviction for "use" of a firearm under § 924(c)(1) requires more than a showing of mere possession . . . . [T]he Government must show active employment of the firearm.'" *Close*, 679 F.3d at 718. In response, Congress amended the statute to add a possession-based alternative, limited, however, by the important "in furtherance of" element. *Id.* at 718-719; *see* Pub. L. 105–386, § 1(a), 112 Stat. 3469 (1998).

The Eighth Circuit Court of Appeals has held that § 924(c) lists two separate offenses: 1) using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, and 2) possessing a firearm in furtherance of a crime of violence or drug trafficking crime. *United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006); *see United States v. Gill*, 513 F.3d 836, 851 (8th Cir. 2008). Using a firearm requires active employment of the weapon, while an individual can carry a firearm merely by knowingly transporting it in a vehicle. *Muscarello v. United States*, 524 U.S. 125, 136–39 (1998). "Put another way, one can possess a firearm without using it, but one cannot carry a firearm without possessing it." *Gill*, 513 F.3d at 851 (8th Cir. 2008).

The two § 924(c) offenses also "have different 'standard[s] of participation.'" *Id.* at 852 (quoting *Gamboa*, 439 F.3d at 810). "'The language 'in furtherance of' requires a slightly higher standard of participation than the language 'during and in relation to,' such

7

that 'during and in relation to' is encompassed by the broader language 'in furtherance of.'"
*Id.*

B.  Analysis

The court finds Roland has failed to meet his burden on both prongs of his ineffective assistance claim. He has not shown that counsel's advice was erroneous, but even assuming it were, Roland has not demonstrated a reasonable probability that, but for the allegedly erroneous advice, he would not have pleaded guilty and would have insisted on going to trial. The court must "look to contemporaneous evidence to substantiate" Roland's assertion that he would not have entered a plea, and the evidence is substantially to the contrary. Significantly, in exchange for the plea of guilty, the government dismissed nine drug distribution counts.

The defendant's arguments with respect to the elements of the firearms offense are unavailing. He misapprehends the fact that § 924(c) encompasses two separate crimes. His argument is addressed to the "use" of a firearm, whereas he clearly and unequivocally admitted to carrying a firearm during and in relation to drug trafficking. Although Roland may be correct in that the mere presence of a firearm may not be sufficient to prove a violation of the statute, mere presence is not the issue. Roland admitted under oath that he carried the firearm when he was selling drugs. The record shows the government also had substantial evidence to that effect.

Roland's assertions that he would have gone to trial had he correctly understood the government's burden are also belied by the record. His statements and admissions at the plea hearing contradict his claims that he was innocent of the firearm offense. Contemporaneous evidence indicates that the defendant would not have been offered the option to proceed to trial on only the firearm offense. The Government proffers that had

Roland decided to go to trial on the firearm offense it would not have entered into a plea agreement with Roland wherein he pled guilty to only Count X of the Indictment. Had Roland decided to go to trial on the firearm offense, his only option would have been to plead guilty to all of the drug offenses. In weighing his prospects, the plea agreement clearly offered him a better resolution than he would likely obtain through a trial.

Roland has not met his burden to show a reasonable probability that, absent counsel's allegedly erroneous advice, he would have proceeded to trial. The court finds his motion to vacate his conviction and sentence should be denied.

      C.      Certificate of Appealability

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds the defendant's motion presents no questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue. Should the defendant wish to seek further review of his petition, he may request a certificate of appealability from a judge of the

United States Court of Appeals for the Eighth Circuit. See *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997). Accordingly,

IT IS ORDERED:

1. The defendant's motion to vacate (Filing No. 28) is denied.

2. No Certificate of Appealability will issue.

3. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 31st day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge